# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERROLL SCOTT,<br><br>    Plaintiff,<br><br>v.<br><br>TOWNSHIP OF NUTLEY., *et al.*,<br><br>    Defendants. | 17-cv-3639<br><br>OPINION |

### WILLIAM J. MARTINI, U.S.D.J.:

This matter arises out the arrest of Plaintiff Erroll Scott on May 20, 2015. The matter comes before the Court on Defendants Township of Nutley ("Township" or "Nutley") and Sergeant Peter Tiene's (together, "Defendants") motion for summary judgment. ECF No. 40. For the reasons set forth below, the motion is **GRANTED** as to the Township (including official-capacity claims against Sergeant Tiene) and **DENIED WITHOUT PREJUDICE** as to Sergeant Tiene in his individual capacity.

## I. BACKGROUND

The parties agree on the relevant facts of this case. On May 20, 2015, Plaintiff was walking down Park Avenue in Nutley with his right hand in a "japa pouch" slung over his shoulder and neck. Statement of Material Facts ¶¶ 11-13, ECF No. 40-1 ("SoF"). While Plaintiff approached River Road, Sergeant Tiene passed in his patrol car. *Id.* ¶ 21. Given a recent "be on the lookout" alert for suspects involved in an armed robbery nearby, and finding it suspicious that Plaintiff's hand was concealed, Sergeant Tiene inquired if Plaintiff was alright. *Id.* ¶¶ 22-23. Plaintiff answered affirmatively and kept walking. *Id.* ¶ 24. Eventually, Sergeant Tiene stopped Plaintiff and ordered him to show his hand, which Plaintiff did. *Id.* ¶¶ 28-30. Still suspicious that Plaintiff could have been involved in the robbery, Sergeant Tiene repeatedly asked for identification, which Plaintiff refused to provide. *Id.* ¶¶ 31-32. After backup arrived, officers advised Plaintiff that they just needed to identify him so they could clear him from being a suspect in the robbery, but Plaintiff still refused to provide his name or identification. *Id.* ¶¶ 36-40. Sergeant Tiene then arrested Plaintiff for obstruction. *Id.* ¶ 43.

Plaintiff was charged with obstruction in violation of N.J.S. § 2C:29-1A, released, and ordered to appear in court. *Id.* ¶ 49. Plaintiff requested a probable cause hearing, in which Municipal Court Judge Joanne Cocchiola found there was probable cause to arrest Plaintiff for obstruction. *Id.* ¶ 51-52. After a trial, Plaintiff was acquitted. *Id.* ¶ 53.

Plaintiff filed suit on May 20, 2017, naming Sergeant Tiene, the Township of Nutley, and several fictitious defendants in a one-count complaint for deprivation of civil

1

rights under 42 U.S.C. § 1983.  *Id.* ¶¶ 1-2; Compl., ECF No. 1.  On November 17, 2017, due to his bankruptcy, this Court administratively terminated Sergeant Tiene from the action "without prejudice to the right of the parties to reopen the proceedings for good cause shown for the entry of any stipulation of order, or for any other purpose required to obtain a final determination of the litigation."  Order (Nov. 17, 2017), ECF No. 18; SoF ¶¶ 8-9.  Despite his termination, Sergeant Tiene moves for summary judgment with Nutley.

## II. DISCUSSION

Defendants argue Sergeant Tiene did not violate Plaintiff's rights because he had reasonable suspicion for the stop and probable cause to arrest.  Mot. at 5-10.  Defendants further argue that even if a constitutional violation occurred, Officer Tiene is immune from suit.  *Id.* at 10-14.  As to the Township, Defendants argue for summary judgment because Plaintiff cannot establish a requisite policy or custom under *Monell*.  *Id.* at 14-16.  Finally, Defendants argue punitive damages are not available.  *Id.* at 16-18.  In opposition, Plaintiff concedes that Sergeant Tiene had reasonable suspicion for the stop but argues there was no probable cause to arrest.  Opp. at 1.  With respect to municipal liability, "Plaintiff recognizes that, inasmuch as he has not identified an official policy or practice of the Township of Nutley as the basis of the alleged constitutional violations, then Nutley cannot be held in as a party in this lawsuit."  *Id.* at 10.

The Court need not reach the issue of whether Sergeant Tiene had probable cause to arrest Plaintiff.  Sergeant Tiene has been administratively dismissed from this case.  SoF ¶ 9; Opp. at 10.  Accordingly, the claims against him in his personal capacity are no longer part of this lawsuit.  *See* Order (Nov. 17, 2017).  As to the claim directly against Nutley, Plaintiff concedes that the Township cannot be liable.  Opp. at 10.

With respect to allegations against Sergeant Tiene in his "official capacity," *see* Opp. at 10, that claim is truly an action against the Township itself.  *See Brandon v. Holt*, 469 U.S. 464, 472 (1985) ("For the purpose of evaluating the city's potential liability under § 1983, our opinion clearly equated the actions of the [individual] in his official capacity with the actions of the city itself."); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 n.55 (1978) ("Since official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent . . .").  Thus, for liability to result from claims against Sergeant Tiene in his official capacity, the "policy or custom" requirements of *Monell* must be satisfied.  *See Monell*, 436 U.S. at 691 n.55 ("[O]ur holding today that local governments can be sued under § 1983 necessarily decides that local government officials sued in their official capacities are 'persons' under § 1983 in those cases in which . . . a local government would be suable in its own name.").

Here, "Plaintiff recognizes that, inasmuch as he has not identified an official policy or practice of the Township of Nutley as the basis of the alleged constitutional violations, then Nutley cannot be held in as a party in this lawsuit."  Opp. at 10.  Unfortunately for Plaintiff, the official capacity claim against Sergeant Tiene does not circumvent *Monell*'s requirements.  *See Monell*, 436 U.S. at 691 n.55; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("[O]fficial-capacity suits generally represent only another way of pleading an

2

action against an entity." (cleaned up)).  Thus, given Plaintiff's concession, the claims against the Township and Sergeant Tiene in his official capacity are deficient, and summary judgment is **GRANTED**.  As liability cannot attach to the defendants remaining in this suit, the Court need not decide whether Plaintiff's rights were violated.

## III. CONCLUSION

For the reasons set forth above, summary judgment is **GRANTED** in favor of the Township of Nutley and Sergeant Tiene in his official capacity.  Given his termination, the motion is **DENIED WITHOUT PREJUDICE** as to Sergeant Tiene in his individual capacity.  An appropriate order follows.

*/s/ William J. Martini*

**Date: January 17th, 2020**    **WILLIAM J. MARTINI, U.S.D.J.**